IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MARCUS MARQUIS MILLER,**
**ADC #173068**                                                                                                          **PLAINTIFF**

**V.**                             **CASE NO. 4:20-CV-728-JM-BD**

**ARKANSAS DEPARTMENT**
**OF CORRECTION,** *et al.*                                                                        **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections:**

This Recommendation for dismissal has been sent to Judge James M. Moody Jr. Mr. Miller may file objections if he disagrees with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. If he does not file objections, Mr. Miller may waive the right to appeal questions of fact.

**II.**     **Discussion:**

Marcus Marquis Miller, an Arkansas Division of Correction (ADC) inmate, filed this civil rights lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Doc. No. 2) In his complaint, Mr. Miller alleges that Defendant Lewis charged him with a disciplinary, then conducted the "C.S.O review" of that disciplinary in violation of ADC policy. He explains that, because Defendant Lewis is a lieutenant rather than a major,

assistant warden, or warden, he lacked the authority to review the disciplinary charge. He also alleges that Defendant Harris was aware of this act and "was a part of this illegal and violation of ADC policy." (Doc. No. 2 at p.4)

Federal courts must review prisoner complaints that name government entities, officers, or employees as defendants before ordering service of process. 28 U.S.C. § 1915A(a). The Court has reviewed Mr. Miller's complaint. Even reading the complaint liberally and taking all allegations as true, Mr. Miller has not stated a federal claim for relief. It is settled law that an official's failure to follow prison policies or procedures is not conduct that rises to the level of a constitutional violation. *McClinton v. Arkansas Dep't of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).

### III. Conclusion:

The Court recommends that Mr. Miller's claims be DISMISSED, without prejudice, based on his failure to state a federal claim for relief. The Court recommends that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g) and that Judge Moody certify that an *in forma pauperis* appeal of this dismissal would be frivolous and would not be taken in good faith.

DATED this 10th day of June, 2020.

_____
UNITED STATES MAGISTRATE JUDGE